MOSK, J., Concurring and Dissenting.
I concur in the result, but disagree with the reasoning of the majority that an absolute privilege shields communications between the trustee and the attorney it consulted in its fiduciary capacity on the subject of trust administration.
Wells Fargo Bank, N.A. (Wells Fargo) brought this action for an accounting and approval of its resignation as a trustee of the Couch Living Trust. In response to discovery requests by real parties in interest Vickie Boltwood and her children, as trust beneficiaries, Wells Fargo disclosed attorney-client communications on the subject of administration of the trust; it withheld attorney-client communications regarding claims by the Boltwoods of trustee misconduct. The superior court ordered Wells Fargo to produce the withheld documents; the Court of Appeal vacated the order on the basis that the documents were privileged.
I agree with the majority that the Court of Appeal was correct in holding that communications involving Wells Fargo’s potential liability for misconduct were subject to the attorney-client privilege. But I am not persuaded by *216 the majority’s conclusion that Wells Fargo was also entitled to assert the privilege with regard to attorney-client communications on the subject of trust administration, which it obtained on behalf of the beneficiaries and at their expense.
In my view, the Probate Code required disclosure of those documents, consistent with the fiduciary duties of the trustee, specifically the duty under Probate Code section 16060 to keep the beneficiaries reasonably informed concerning the trust and its administration by providing complete and accurate information with regard to the administration of the trust. On that basis, I would affirm the judgment of the Court of Appeal.
I
Wells Fargo did not doubt that it had an obligation to produce all documents, including attorney-client communications, relating to its administration of the trust. Nor did the Court of Appeal. Adopting the suggestion of amicus curiae California Bankers Association, however, the majority conclude that such documents, too, were subject to the attorney-client privilege. They assert that there is no authority in California law for requiring a trustee to produce communications protected by the attorney-client privilege, regardless of their subject matter. I disagree. In my view, “the relevant sections of the Probate Code” impose duties “a trustee literally could not perform without disclosing privileged communications.” (Maj. opn., ante, at p. 206.)
The Probate Code invests the trustee with the power to hire attorneys precisely “to advise or assist the trustee in performance of administrative duties” undertaken subject to its fiduciary duties. (Prob. Code, § 16247.) Exercise of such power is intrinsic to the trustee’s general duty of loyalty to the beneficiaries. (See id., § 16202 [trustee’s exercise of power is subject to its fiduciary duties].) Moreover, any advice regarding trust administration that was obtained from counsel by the trustee was paid for out of trust funds, i.e., at the beneficiaries’ expense. Beneficiaries have an unquestionable interest in such advice obtained by the trustee acting in its fiduciary capacity on their behalf.
Probate Code section 16060 provides: “The trustee has a duty to keep the beneficiaries of the trust reasonably informed of the trust and its administration.” (Italics added.) Probate Code section 16061 requires the trustee, “on reasonable request,” to provide the beneficiary with a report of information about finances of the trusts, acts of the trustee, and “the particulars relating to the administration of the trust relevant to the beneficiary’s interest.”
*217 The Law Revision Commission comment to the 1990 enactment of Probate Code section 16060 explains that the provision “is consistent with the duty stated in prior California case law to give beneficiaries complete and accurate information relative to the administration of the trust when requested at reasonable times. [Citation.] . . . The trustee is under a duty to communicate to the beneficiary information that is reasonably necessary to enable the beneficiary to enforce the beneficiary’s rights under the trust or to prevent or redress a breach of trust.” (Cal. Law Revision Com. com., 54A West's Ann. Prob. Code (1991 ed.) foll. § 16060, p. 51, italics added.) It cites our holding in Strauss v. Superior Court (1950) 36 Cal.2d 396, 401-402 [224 P.2d 726], that “a trustee has the duty to the beneficiaries to give them upon their request at reasonable times complete and accurate information relative to the administration of the trust.”
The “complete and accurate information” required under Probate Code section 16060 necessarily includes attorney-client communications concerning administration of the trust. I disagree with the majority that trustees may, under the Probate Code provisions, keep beneficiaries only partly informed. Moreover, I fail to see how a report by the trustee systematically excluding all attorney-client communications and legal advice could be said to meet the requirement under Probate Code section 16061 that it inform beneficiaries about “the acts of the trustee” and “particulars relating to the administration of the trust.”
Unlike the majority’s, my view of the requirement under Probate Code section 16060 is also consistent with the prevailing rule in most jurisdictions that the trustee’s fiduciary duty of full disclosure to the trust beneficiaries extends to all contents of the trustee’s file concerning trust administration matters affecting the trust interests of the beneficiaries, including legal advice. Thus, Professor Scott summarizes the general law as follows: “The trustee is under a duty to the beneficiaries to give them on their request at reasonable times complete and accurate information as to the administration of the trust. The beneficiaries are entitled to know what the trust property is and how the trustee has dealt with it. ... [¶] A beneficiary is entitled to inspect opinions of counsel procured by the trustee to guide him in the administration of the trust.” (2A Scott & Fratcher, The Law of Trusts (4th ed. 1987) § 173, pp. 462-465, fn. omitted; see also Bogert, The Law of Trusts and Trustees (2d rev. ed. 1983) ch. 46, § 961, p. 11 [“The beneficiary . . . has a right to obtain and review legal opinions given to the trustee to enable the trustee to carry out the trust, except for such opinions as the trustee has obtained on his own account to protect himself against charges of misconduct”]; IA Nossaman et al., Trust Administration and Taxation (1999) § 27.27[1], pp. 27-149 to 27-151 [describing the right of the beneficiary to obtain “all the information as to the trust and its execution for which he has *218 any reasonable use” as including the right to inspect an opinion of counsel obtained by the trustees concerning their powers in administering the trust]; cf. Rest.2d Trusts, § 173 & com. (b), p. 378 [as an exception to the duty of the trustee to furnish “complete and accurate information as to the nature and amount of trust property,” the trustee is “privileged to refrain from communicating to the beneficiary opinions of counsel obtained by him at his own expense and for his own protection”].)
The doctrine is of long standing, finding its roots in the seminal decision in Talbot v. Marshfield (1865 Ch.) 62 Eng.Rep. 728, which we cited with approval in Moeller v. Superior Court (1997) 16 Cal.4th 1124, 1134, footnote 5 [69 Cal.Rptr.2d 317, 947 P.2d 279]. As the Court of Chancery in Talbot explained: “[T]he cestuis que trust have an interest in the due administration of the trust, and in that sense, it was for the benefit of all, as it was for the guidance of the trustees in their execution of the trust. Besides, if a trustee properly takes the opinion of counsel to guide him in the execution of the trust, he has a right to be paid the expense of so doing out of the trust estate; and that alone would give any cestuis que trust a right to see the case and opinion [obtained from counsel].” (Talbot v. Marshfield, supra, 62 Eng.Rep. at p. 729.)
The majority concede that the overwhelming authority in point is in agreement that beneficiaries are entitled to obtain information concerning attorney advice to the trustee about trust administration. They nonetheless conclude that we are not free to follow such a rule because the attorney-client privilege is a “legislative creation” that must be deemed absolute in this area. (Maj. opn., ante, at p. 206.)
I disagree that the Legislature intended by implication to exclude attorney communications from the scope of the duty to furnish information under Probate Code section 16060. It is doubtful that it would have created so detrimental an exception to the trustee’s duty under the statute sub silentio; if it had intended to carve out a special rule that attorney-client communications with regard to trust administration are not part of the complete and accurate information owed a beneficiary, it would have done so expressly. In stating that there can be no “implied exception” to the attorney-client privilege under Evidence Code section 952 for communications involving trust administration (maj. opn., ante, at p. 206), the majority turn the question on its head. This case does not involve the beneficiaries’ right to invoke an exception to the Evidence Code provision; rather, because the Probate Code provides that the trustee has a duty to produce all such information, the privilege never adhered to those communications in the first place.
*219 Nor does the decision in Roberts v. City of Palmdale (1993) 5 Cal.4th 363, 373 [20 Cal.Rptr.2d 330, 853 P.2d 496], which I authored, require a different result. In Roberts we addressed the question whether the Public Records Act (Gov. Code, § 6250 et seq.) required public disclosure of a legal opinion of the city attorney distributed to members of the city counsel. (5 Cal.4th at pp. 369-373.) We stressed that although the Public Records Act provides that “every person has a right to inspect any public record,” it expressly exempts certain public records from disclosure, including records subject to the attorney-client privilege. (5 Cal.4th at p. 368.) The Probate Code includes no similar exception to the requirement of disclosure under its section 16060.
The majority’s rule will permit trustees to conceal deliberations about trust administration, to the detriment of beneficiaries’ statutory rights to information. Unlike the majority, I am not sanguine about the implications of such a result. While it is true, as they note, that knowledge not otherwise privileged does not become so merely by being communicated to an attorney (maj. opn., ante, at p. 210), their holding will privilege all information concerning the nature of advice sought and obtained from an attorney on the subject of trust administration. Such undue extension of the attorney-client privilege will operate at the expense of the beneficiaries in a literal as well as legal sense: they must pay for the legal advice that they are barred from reviewing.
II
As we emphasized in Moeller v. Superior Court, supra, 16 Cal.4th 1124, 1133, a trustee has the equitable obligation to manage property for the benefit of another, it acts not in a personal capacity, but as fiduciary for the interests of the beneficiaries. The distinction the Court of Appeal—and Wells Fargo itself—drew between communications regarding administration of the trust on behalf of the beneficiaries and those affecting its own liability was correct. It is consistent with Moeller and with the authority cited therein. (See, e.g., id. at pp. 1134-1135.) The majority’s conclusion is not.
For these reasons I would affirm the judgment of the Court of Appeal solely on the grounds stated therein.